# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICARDO B. FULLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:15-cv-181-WTL-WGH |
| | ) | |
| SUPERINTENDENT, Wabash Valley | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Discussing Petition for Writ of Habeas
### Corpus and Denying Certificate of Appealability

## I.

Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by Ricardo Fuller, the court concludes that his petition for a writ of habeas corpus must be denied and that a certificate of appealability should not be issued.

### Background

Ricardo Fuller seeks a writ of habeas corpus. He challenges his state conviction in No. 34D03-0304-FD687. The challenged conviction was entered on April 23, 2003. No direct appeal was filed. Fuller filed an action for post-conviction relief on April 7, 2009. The present action was filed after the action for post-conviction relief was denied. The habeas petition was signed by Fuller on June 8, 2015.

Noting that the court is permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, the Entry of June 17, 2015 ordered Fuller to show cause why his habeas petition should not be dismissed as untimely. Fuller responded through his filing of July 14, 2015.

### Discussion

Fuller's conviction became final for federal habeas corpus purposes on May 24, 2003, for this was the last day under Indiana rules he could have filed a direct appeal. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987)(a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). He then had a period of one year, through May 24, 2004, in which to file a federal habeas petition. *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(discussing 28 U.S.C. § 2244(d)(1)(A)).

Fuller did not meet this deadline. His habeas petition is considered to have been filed on the day he signed it, but this was 11 years and two weeks after the deadline had passed. It is true that the running of the statute of limitations is tolled during the time a properly filed action for post-conviction relief is pending, *see Day v. McDonough,* 547 U.S. 198, 201 (2006)(discussing 28 U.S.C. § 2244(d)(2)), but that is of no value to Fuller in this case because the post-conviction petition was not even filed until five years after the statute of limitations had expired. *See Fernandez v. Sternes,* 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed); *Tinker v. Hanks*, 172 F.2d 990 (7th Cir. 1999) (efforts to file a successive action for post-conviction relief, if unsuccessful, do not toll the running of the statute of limitations).

Fuller filed a petition for writ of habeas corpus challenging his conviction in Howard County, Indiana in No. 34D03-0304-FD687. His petition recites that he was sentenced in that case on April 23, 2003, that no direct appeal was filed from that disposition, and that he filed an action for post-conviction relief on April 7, 2009. That post-conviction petition was denied by the trial court on January 26, 2010. Fuller thereafter was unsuccessful in his effort to appeal that ruling. His habeas petition was signed on June 8, 2015 and was filed by the clerk three days later.

Fuller's filing of July 14, 2015 contains two unpersuasive arguments pertaining to the statute of limitations.

- The first is that there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect Fuller's rights. This argument improperly conflates the exhaustion of state remedies requirement with the statute of limitations. The former impacts the latter through the statutory tolling provision found at 28 U.S.C. § 2244(d)(2)), but Fuller does not show, and in the circumstances of this case cannot show, that any aspect of Indiana's post-conviction relief procedures affected the timing of the filing of his habeas petition.

- The second argument Fuller makes is the perfunctory statement that "[t]he one-year limitation [was] tolled when Filler's notice of appeal [was] properly filed after denial of his motion to correct error. See 28 U.S.C. § 2244(d)(2)." The reference here to the statutory tolling provision of § 2244(d)(2) does not restart the statute of limitations. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under 28 U.S.C. § 2244(d)).

Fuller's habeas petition shows on its face that it was filed several years after the statute of limitations expired.

## Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Fuller has encountered the hurdle produced by the 1-year statute of limitations. Fuller's petition for writ of habeas corpus was filed long after the statute of limitations had expired. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claims. Judgment consistent with this Entry shall now issue.

The Entry of June 17, 2015 provided that the respondent could reply to Fuller's response. In light of the disposition found warranted, no such reply need be filed.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing* *" 2254 Proceedings*, and 28 U.S.C. " 2253(c), the court finds that Fuller has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:  7/20/15

Distribution:

RICARDO B. FULLER
169040
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only

Electronically Registered Counsel